## The F. B. Tait Manufacturing Company v. Samuel H. Tinsman.

1. EMPLOYER AND EMPLOYE—*what does not affect right to salary.* An employe is entitled to leave the service of his employer if his salary is not paid when due and he may recover for the unexpired portion of his term of service the same as though he had been wrongfully discharged.

2. EMPLOYER AND EMPLOYE—*contract for "annual" salary construed.* A contract for an "annual" salary of $1,800 per year is a contract for an annual salary of such amount, payable in monthly instalments, where the parties by their conduct have so construed the same.

Assumpsit. Appeal from the County Court of Macon county; the Hon. ORPHEUS W. SMITH, Judge, presiding. Heard in this

court at the May term, 1907. Affirmed. Opinion filed December 7, 1907.

BUCKINGHAM & GRAY, for appellant.

HUTCHINSON & ADAMS, for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an action in *assumpsit* wherein appellee recovered a judgment against appellant for $693.07. The suit is predicated upon a written contract between the parties by the terms of which appellee was employed by the appellant company as a mechanic at an "annual salary" of $1,800 a year, for a period of three years from November 1, 1904, provided that any loss of time, by sickness or otherwise, should be deducted from said compensation. To establish his claim appellee introduced in evidence upon the trial, a statement designated as Exhibit B, which was prepared and rendered to him by the bookkeeper of appellant and in which he is credited with salary from November 1, 1904, to October 1, 1905, at the rate of $150 per month, together with sundry expenses paid by him on account of appellant, the total of such credit items being $1,873.92. He is charged with various items consisting of cash payments to him, coal and other merchandise furnished to him by appellant, amounting in all to $1,280.85, leaving a balance due to him according to such statement of $593.07.

In addition thereto, appellee claimed and the evidence tended to show that there was due to him as salary from October 1, 1905, to October 20, 1905, the day he quit the employment of appellant, the sum of $100. Again such demand appellant presented under the proper plea, an off-set or counter-claim in the sum of $865.85 for time alleged to have been lost by appellee and for materials furnished and labor rendered to appellee by certain other employes of appellant. The jury disallowed the counter-claim *in toto* and re-

turned a verdict for the full amount of appellee's claim. It is first contended by appellant that having contracted to work for it for the term of three years, appellee was bound to continue in its employ for that period, unless discharged or he quit the employment, for good cause, and that having abandoned the contract voluntarily and without cause, he was not entitled to recover anything on account of salary. The evidence does not warrant such contention. It clearly appears therefrom that appellee continued in the employment so long as he was paid his salary. If, as the jury undoubtedly found, appellant refused to pay him his salary when due, he was justified in quitting its employment and his rights to recover for services up to such time was not affected by his so doing.

It is also insisted that inasmuch as the contract provided for the payment of a gross sum of $1,800 as an annual salary, appellant was not entitled to recover any salary until the expiration of each successive year. Such contention is also unwarranted by the evidence.

It is manifest from the items of the statement Exhibit B, which is admitted by appellant in argument to be correct as to the items covered thereby, that the contract was construed by both parties as meaning that the salary was to be paid monthly in instalments of $150.

It is finally urged that the finding of the jury disallowing appellant's counter-claim was unwarranted by the evidence. There is some evidence in the record tending to show that appellee, during his employment by appellant, at intervals was engaged in perfecting various agricultural implements which he had invented, and that occasionally he was assisted by other employes of appellant.

By said counter-claim it is sought to charge him with the time devoted by him to such purpose and with the wages of the other employes for the time it is alleged they were engaged in assisting him. It appears from the evidence that the items of set-off in question

had accrued, if at all, some time prior to the preparation and delivery to appellee of the statement marked Exhibit B, which purported to show fully and correctly the account between the parties up to October 5, 1905. Such items are not charged to appellee in said statement. It does not appear that they were charged to him upon the books of appellant until after he left its employment, nor that in the negotiations for settlement between him and the president of appellant immediately prior to the time he left, that any counterclaim was either presented or urged. From these facts, the jury was justified in believing that such claim was an afterthought.

Although the third instruction given at the request of appellee is faulty in construction, we are satisfied that appellant was not materially prejudiced thereby.

The judgment of the Circuit Court will be affirmed.

*Affirmed.*